**United States District Court**
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Candy Basil | }<br>}<br>} |
| Plaintiff | } **Cause No.** 3-13-cv-625-S<br>}<br>} **COMPLAINT** |
| v. | }<br>} |
| RECREONICS, INC.<br>4200 Schmitt Avenue<br>Louisville, Kentucky 40213 | } Jury Trial Demanded<br>}<br>}<br>} |
| **Serve:**<br>Frank L. Jones, Jr.<br>4200 Schmitt Avenue<br>Louisville, Kentucky 40213 | }<br>}<br>}<br>} |
| Defendant | }<br>}<br>} |

\*\*   \*\*   \*\*   \*\*   \*\*

Come now the Plaintiff, Candy Basil, by counsel, and for her Complaint against Defendant, Recreonics, Inc. ("*Recreonics*"), states as follows:

### Introduction

1. This civil action arises under the Federal Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 *et seq.*, the Federal Family Medical Leave Act, 29 U.S.C. § 2611 *et seq.*, and Kentucky's Civil Rights Act, KRS § 344.010, *et seq.*

### Jurisdiction and Venue

2. The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. §12117 (the Americans with Disabilities Act), 42 U.S.C. § 2000e-5(f)(3)(Civil Rights Act of 1964), and 29 U.S.C. §2617(a)(2)(the

1

Family Medical Leave Act). The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. All conditions have been met to confer subject-matter jurisdiction upon this Court. Ms. Basil filed a charge of discrimination with the Equal Opportunity Employment Commission, Charge 24G-2012-00078 claiming disability discrimination and harassment based on her disability. She received a "right to sue" letter dated March 19, 2013, a copy of which is attached as Exhibit A and incorporated herein by reference.

4. Venue in this Court is proper as all parties are citizens of and reside in Jefferson County, Kentucky.

## Parties

5. Defendant, Recreonics, Inc., is a Kentucky corporation organized and existing under the laws of the State of Kentucky with offices located at 4200 Schmitt Avenue, Louisville, Kentucky 40213, and is a "person" as that term is defined by KRS § 344.010(1), 42 U.S.C. § 12111(7), and 42 U.S.C. § 2000e(a), and is an "employer" as that term is defined by KRS 344.030(2), 42 U.S.C. § 12111(5)(A), and by the Family and Medical Leave Act of 1993 ("**FMLA**"), 29 U.S.C. § 2601 *et seq.* pursuant to 29 U.S.C. § 2611(4). Upon information and belief, at all pertinent times herein, Recreonics, Inc. had in its employ and continues to employ in excess of fifty (50) employees.

6. Defendant operates a swimming pool, equipment and supply retail store at 4200 Schmitt Avenue, Louisville, Kentucky and an online catalog store.

7. Plaintiff, Candy Basil, is an individual residing in Jefferson County, Kentucky.

8. At all pertinent times herein, Plaintiff, Candy Basil, was employed by Defendant in its Louisville, Jefferson County, Kentucky location, until Defendant terminated her employment on June 15, 2011.

9. At all pertinent times herein, Ms. Basil was an "eligible employee" pursuant to 29 U.S.C. § 2611(2)(A), in that at the time she requested medical leave she had worked for Defendant for more than 1250 hours in the twelve months preceding her request for leave and had worked for Defendant for more than 12 months.

10. At all pertinent times herein, Ms. Basil was a "qualified individual" with a disability as contemplated by KRS 344.030(1) and 42 U.S.C. § 12111(8) in that she could have performed her essential job functions if Defendant would have provided her with certain reasonable accommodations that she had requested.

11. Throughout the Spring of 2011, Ms. Basil, was under physicians care for various medical conditions related to her Multiple Sclerosis ("*MS*").

12. Ms. Basil notified Defendant she was under physicians care and by physician orders requested time off from work for treatment and recovery.

13. In addition, by doctor's orders Ms. Basil requested additional time for restroom breaks which were needed due to her medical condition.

14. Ms. Basil was harassed for having to take longer restroom breaks and time off from work and was embarrassed and humiliated because of her need for accommodation in regard to restroom needs.

15. Ms. Basil also requested the opportunity to be allowed to sit to perform her work duties at times throughout her work day.

16. Ms. Basil was treated differently than other employees, subjected to additional scrutiny, discipline, harassment and other retaliation based on her disability, and because she reported and requested reasonable accommodations due to her serious health conditions.

17. On or about June 15, 2011 Defendant discharged Ms. Basil from her employment, citing "tardiness and unexcused absenteeism," even though her absences and tardiness were supported by medical excuses, and other employees who were tardy and/or had unexcused absences were not discharged.

18. Thereafter, on or about December 10, 2011, Ms. Basil filed a charge of discrimination with the Equal Opportunity Employment Commission, Charge 24G-2012-00078 claiming disability discrimination and harassment based on her disability.

### Count I: Discrimination in Violation of 42 U.S.C. § 12112(a)

19. Ms. Basil restates paragraphs 1 to 18 herein.

20. Defendant's discriminatory conduct on the basis of Plaintiff's disability, including but not limited to its failure to provide reasonable accommodations, harassment, and discharge of Plaintiff in connection with Plaintiff's disabilities, constitutes violations of the anti-discrimination provisions of the federal Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12112(a) *et seq*.

21. Defendant acted in bad faith and with reckless indifference to Plaintiff's rights under the American's with Disabilities Act of 1990 as amended.

22. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, future pecuniary losses,

4

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs, and punitive damages.

### Count II: Discrimination (Disability) in Violation of KRS 344

23. Ms. Basil restates paragraphs 1 to 18 herein.

24. Defendant's discriminatory conduct on the basis of Plaintiff's disability, including but not limited to failing to provide reasonable accommodations to Ms. Basil for her disability, harassment, and discharge of Plaintiff from her employment, constitutes violations of the anti-discrimination provisions of Kentucky's Civil Rights Act, KRS 344 *et seq*.

25. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff, Ms. Basil, has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay and other terms, conditions, and privileges of employment, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs.

### Count III: Interference with Plaintiff's Exercise of her FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)

26. Ms. Basil restates paragraphs 1 to 18 herein.

27. Defendant interfered with, restrained, and denied Mr. Basil's rights under FMLA when Defendant ignored Ms. Basil's doctor's orders and her own request for medical leave and then disciplined Ms. Basil for taking time off from work.

28. Ms. Basil requested and pursued a lawful claim with Defendant for leave she was entitled to under the FMLA due to a serious medical condition diagnosed by a

health care provider. Ms. Basil gave sufficient oral and/or written notice to make Defendant aware that she needed FMLA-qualifying leave.

29.    Defendant, rather than complying with FMLA, instead discharged Ms. Basil from her employment.

30.    As a direct and proximate result of Defendant's violation of the FMLA, Ms. Basil has been deprived and continues to be deprived of past and future wages, and other terms, conditions, and privileges of employment at Defendant.

31.    As a further result of Defendant's violation of the FMLA, Ms. Basil has suffered and continues to suffer mental and emotional distress, which she would not have suffered absent Defendant's conduct.

32.    Defendant's actions and or omissions in interfering with Plaintiff's FMLA rights were not taken in good faith.

33.    Because of Defendant's violation of the FMLA, Ms. Basil is permitted a civil action in this Court against Defendant, recovery of actual damages suffered, including the loss of earnings and benefits she has sustained due to the termination of her employment, interest, liquidated damages, and her costs in bringing and pursuing this action, including an award of reasonable attorney's fees.

34.    As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs, and liquidated damages.

## Count IV: Discrimination in Violation of
## 29 U.S.C. § 2615(a)(2)

35. Ms. Basil restates paragraphs 1 to 18 herein.

36. Rather than granting Ms. Basil her medical leave requests, Defendant discriminated against and discharged Ms. Basil from employment on or about June 15, 2011, in violation of the Family Medical Leave Act ("**FMLA**"), 29 U.S.C. § 2615(a)(2).

37. Defendant's actions and or omissions in discriminating against by refusing to grant Plaintiff FMLA leave and instead terminating her employment were not taken in good faith.

38. Because of Defendant's violation of the FMLA, Ms. Basil is permitted a civil action in this Court against Defendant, recovery of actual damages suffered, including the loss of earnings and benefits she has sustained due to the termination of her employment, interest, liquidated damages, and her costs in bringing and pursuing this action, including an award of reasonable attorney's fees.

39. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff has suffered lost wages, emotional pain and other non-pecuniary losses, entitling Plaintiff to relief therefrom in the form of back pay, front pay, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs, and liquidated damages.

### Count V: Punitive and Future Compensatory Damages
### Under Federal Law
### Asserted by Plaintiff, Ms. Basil

40. Ms. Basil restates paragraphs 1 to 22 herein.

41. As alleged herein, Defendant engaged in discriminatory practice(s) with malice or with reckless indifference to the federally protected rights of Ms. Basil and acted in bad faith.

42. Pursuant to 42 U.S.C.A. § 1981a(a)(2)&(b)(1), Ms. Basil is entitled to recover from Defendant a sum for punitive damages in addition to compensation for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Candy Basil, demands relief as follows:

A. Judgment against Defendant in Plaintiff's favor on all counts;

B. An award of compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

C. An award of compensatory damages including but not limited to emotional distress, mental anguish, embarrassment, humiliation, and other non-pecuniary losses;

D. An award of liquidated damages for the FMLA violations;

E. An award of punitive damages for the ADAAA violation;

F. Trial by jury;

G. An award of statutory interest on all damage awards, verdicts or judgments;

   H. An award of costs incurred herein, including a reasonable attorney's fee;

and,

   I. Any and all other relief to which Plaintiff may be entitled.

          Respectfully submitted,

          BOROWITZ & GOLDSMITH, PLC

          By: /s/ Ayala P. Golding
           AYALA P. GOLDING
           RUBY D. FENTON
           401 West Main Street, Suite 1100
           Louisville, Kentucky 40202
           Phone: (502) 584-7371
           Fax: (502) 584-7386
           agolding@bglaw.com
           *Counsel for Plaintiff*